Stanley Joseph JENNINGS,
Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 01–1336.

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

Stanley Joseph Jennings appeals the final decision of the United States Tax Court upholding a deficiency determination by the Commissioner of Internal Revenue. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The Commissioner determined that Jennings was not entitled to deductions for charitable contributions in tax years 1994, 1995 and 1996, and issued a determination of deficiency for those years. Jennings reported the following on his tax returns:

|  | 1994 | 1995 | 1996 |
|---|---|---|---|
| Income | 42,380.75 | 37,508.50 | 28,404.52 |
| Cash Charitable Contributions | 2,860.00 | 1,418.00 | 8,011.62 |
| Carryover Charitable Contributions | 34,100.30 | 23,601.40 | 24,510.70 |

The disallowance of the deductions resulted in the following:

|  | 1994 | 1995 | 1996 |
|---|---|---|---|
| Deficiency | 4,982.00 | 4,314.00 | 4,381.00 |
| Penalty | 994.80 | 862.80 | 876.20 |

A timely petition for redetermination was filed with the Tax Court, and a hearing was held at which Jennings testified. The Tax Court upheld the Commissioner's determinations of the tax deficiencies and the penalties for negligence or disregard of rules or regulations pursuant to 26 U.S.C. § 6662(a). On appeal, Jennings argues that he sufficiently documented his charitable contributions, that he was not negligent because he consulted an IRS agent before filing the returns, and that the IRS tried to trick him into authorizing an audit

of his 1993 return, on which the statute of limitations had run.

■ This court reviews the factual findings of the Tax Court for clear error. *Ekman v. Comm'r,* 184 F.3d 522, 524 (6th Cir.1999). A determination of a deficiency is presumptively correct, and the taxpayer has the burden of proving the determination to be erroneous. *Kenco Rests., Inc. v. Comm'r,* 206 F.3d 588, 596 (6th Cir.), *cert. denied,* 531 U.S. 814, 121 S.Ct. 49, 148 L.Ed.2d 18 (2000); *Ekman,* 184 F.3d at 524. Jennings argues that he sufficiently documented his cash charitable contributions for the years in question, and that his deductions should have been allowed. In support of this argument, he submitted a register from a savings account which he alleged he had established in 1995 for the purpose of making charitable contributions. For the years 1995 and 1996 the register showed numerous withdrawals for apparently non-charitable purposes, and only two or three withdrawals where the notations indicated an intent to make a donation to a charitable organization. The register did not support the claimed purpose for the savings account, there were no regular indications of charitable donations, and the amounts did not correspond with the deductions Jennings claimed on his returns. Jennings also introduced articles which he had written for an allegedly non-profit publication which he claimed could be treated as charitable contributions. However, he submitted no evidence of the value of such articles. Therefore, the Tax Court's finding that Jennings was not entitled to the deductions for cash charitable contributions was not clearly erroneous.

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Jennings also argues that he was entitled to the large carryover charitable contribution deductions he claimed for the years in question. He testified that he had been unaware, prior to 1994, that he could deduct charitable contributions, and that he had made over $40,000 in such contributions since 1977 that he should be permitted to carry over. On the other hand, after claiming over $80,000 in such carryover contributions for the three tax years under discussion, he still purported to have over $20,000 of unclaimed contributions. The only documentation he submitted in support of his claimed charitable contributions from prior years was a handwritten note that he had tithed $6,074 to a church in 1989, and a receipt indicating that he had purchased an organ speaker for a church in the same year for $1,700. Again, Jennings failed to indicate how he had arrived at the carryover amounts he had claimed on his returns, and the Tax Court's finding that he was not entitled to these deductions cannot be found clearly erroneous.

Jennings also argues that he was not negligent and should not be assessed penalties under § 6662(a). This court reviews the Tax Court's finding of negligence for clear error. *Kenco,* 206 F.3d at 597. An assessment of a negligence penalty is presumptively correct. *Leuhsler v. Comm'r,* 963 F.2d 907, 910 (6th Cir.1992). Negligence is defined as a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do. *Id.* The only argument Jennings makes in this regard is that he consulted an IRS agent before filing these returns, asking how he could claim his cash charitable contributions. The agent informed him where on the tax form to list the deductions, and advised him that the IRS might request documentation of the deductions. In spite of this advice, Jennings testified that he decided to "try it and see what happens."

Although he now argues that he never made this statement, he testified to the contrary. Nothing about the advice Jennings alleges he received shows that he exercised due care in claiming the deductions without any documentation. Therefore, the finding that he should be assessed a penalty for negligence is not clearly erroneous.

Finally, Jennings argues that the IRS tried to trick him into waiving the statute of limitations for an audit of his 1993 return. Since he did not sign the document to which he refers and no audit of the 1993 return was performed, this argument is irrelevant to the Tax Court's decision.

For the above reasons, the Tax Court's decision is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.